UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALVIN JOINER AND
BARBARA JOINER

CIVIL ACTION

VERSUS

NO. 17-213-BAJ-EWD

BRYAN LEE LOUTZENHISER,
LL TRANS, INC., AND
UNITED CASUALTY COMPANY

## **NOTICE AND ORDER DENYING MOTION TO SUBSTITUTE PLEADING**

Before the court is a Motion to Substitute Pleading[1] (the "Motion to Substitute") filed by BITCO General Insurance Company ("BITCO").

On July 20, 2017, BITCO filed an Unopposed Motion for Leave to File Amended Complaint of Intervention (the "Motion for Leave").[2] Therein, BITCO sought to file an Amended Complaint of Intervention, asserting that it "was called upon to pay and did respond in payments of worker's compensation benefits and medical expenses to plaintiff."[3]

Per its Motion for Leave, BITCO asserted that its amended Complaint of Intervention would "not destroy subject matter jurisdiction since the party being named is also diverse to the plaintiffs and the intervenor."[4] However, and as previously set forth in the July 21, 2017 Notice and Order,[5] BITCO did not adequately alleged its own citizenship such that this court can ensure complete diversity exists.[6] Accordingly, on July 21, 2017, BITCO was ordered to file a Motion to

---

[1] R. Doc. 29.

[2] R. Doc. 26. BITCO asserts that prior to filing its Motion for Leave, it "obtained consent for the filing and granting of the motion from all parties having an interest to oppose." R. Doc. 26, ¶ 8.

[3] Proposed Petition of Intervention, R. Doc. 26, ¶ 4.

[4] R. Doc. 26, ¶ 6.

[5] R. Doc. 28.

[6] In diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988). For purposes of diversity, the citizenship of a limited liability company or other

1

Substitute the proposed Amended Complaint of Intervention (R. Doc. 26, pp. 4-6) with a proposed pleading setting forth BITCO's corporate (or otherwise) status and its citizenship.[7]

On July 27, 2017, BITCO filed the instant Motion to Substitute. The proposed Complaint of Intervention included in the Motion to Substitute is an exact copy of the previously proposed pleading included in the Motion for Leave. As before, BITCO's only allegation with regard to its citizenship is that it is "a company authorized to do and doing business in the State of Louisiana."[8] Again, this is an insufficient allegation of BITCO's citizenship.

Accordingly, **IT IS HEREBY ORDERED** that the Motion to Substitute Pleading[9] is **DENIED**.

**IT IS FURTHER ORDERED** that BITCO General Insurance Company ("BITCO") shall file a Motion to Substitute the proposed Amended Complaint of Intervention (R. Doc. 26, pp. 4-6) with a proposed pleading that sets forth BITCO's corporate (or otherwise) status and its citizenship. If BITCO is a corporation, it shall set forth its state of incorporation and principal place of business. If BITCO is an unincorporated association, it shall set forth its members and the citizenship of each member(s). BITCO shall have three (3) days from the date of this Notice

---

unincorporated association is determined by considering the citizenship of all its members. *See*, *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008); 13F Fed. Prac. & Proc. Juris § 3630.1 (3d ed.) ("whenever a partnership, a limited partnership, a joint venture, a joint stock company, a labor union, a religious or charitable organization, a governing board of an unincorporated institution, or a similar association brings suit or is sued in a federal court, the actual citizenship of each of the unincorporated association's members must be considered in determining whether diversity jurisdiction exists.") (internal citations omitted). Thus, to properly allege the citizenship of a limited liability company or similar association, a party must identify each of the members and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member of an unincorporated association which is also an unincorporated association. *See*, *Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd*., Civil Action No. 06-88, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

[7] R. Doc. 28.

[8] R. Doc. 29.

[9] R. Doc. 29.

and Order to file the Motion to Substitute. No leave of court is necessary to file the Motion to Substitute.

Signed in Baton Rouge, Louisiana, on July 31, 2017.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**