UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ALVIN JOINER AND
BARBARA JOINER

VERSUS

BRYAN LEE LOUTZENHISER,
LL TRANS, INC., AND
UNITED CASUALTY COMPANY

CIVIL ACTION

NO. 17-213-BAJ-EWD

**RULING REGARDING UNOPPOSED MOTION FOR LEAVE TO FILE AMENDED
COMPLAINT OF INTERVENTION AND MOTION TO SUBSTITUTE PLEADING**

Before the court is: (1) an Unopposed Motion for Leave to File Amended Complaint of

Intervention (the "Motion for Leave");[1] and (2) a Motion to Substitute Pleading (the "Motion to

Substitute")[2] filed by BITCO General Insurance Company ("BITCO"). For the reasons set forth

herein, the Motion to Substitute and the Motion for Leave are GRANTED.

**I.       Background**

This is a civil action involving claims for damages as a result of injuries sustained by

Plaintiffs, Alvin Joiner and Barbara Joiner ("Plaintiffs"), from an automobile accident on or about

August 25, 2016. The matter was removed by United Financial Casualty Company ("United") on

April 4, 2017 pursuant to 28 U.S.C. §1332.[3]

---

[1] R. Doc. 26. It is not clear from the state court record that leave to file the Petition of Intervention was granted by
the state court prior to removal. Accordingly, the instant Motion for Leave is treated as BITCO's initial request to
intervene in these proceedings.

[2] R. Doc. 35.

[3] R. Doc. 2. Per the Notice of Removal, Plaintiffs are citizens of Mississippi.[3] Defendant, Bryan Lee Loutzenhiser
("Loutzenhiser"), is alleged to be a citizen of Kansas[3] and defendant United is alleged to be "incorporated in the State
of Ohio with its principle [sic] place of business in Ohio." R. Doc. 2, ¶ 7. Plaintiffs original Petition for Damages
also named LL Trans, Inc. ("LL Trans"), alleged to be "incorporated in the State of Oklahoma with its principle [sic]
place of business in the State of Oklahoma," as a defendant based on its status as the alleged employer of Loutzenhiser.
R. Doc. 2, ¶ 6. Per BITCO's proposed substitute Complaint of Intervention, BITCO asserts that it is "a corporation
of the State of Iowa, with its principal place of business/domicile in the State of Illinois." R. Doc. 35, pp. 2-4.
Accordingly, BITCO's intervention would not destroy this court's subject matter jurisdiction, which is based on
complete diversity pursuant to 28 U.S.C. § 1332.

Prior to removal, BITCO filed a Petition of Intervention in the state court proceeding.[4] Therein, BITCO alleged that at the time of Mr. Joiner's injury, "he was allegedly in the course and scope of his employment with Robert W. Wall, Inc." ("Wall") and that Wall "was insured for worker's compensation coverage" through BITCO.[5] BITCO further alleged that it "was called upon to pay and did respond in payments of worker's compensation benefits and medical expenses to plaintiff."[6] Accordingly, BITCO sought to intervene "to become a party to this litigation and join with plaintiff in asserting his claim against" defendants and prayed for a judgment in its favor "against plaintiff and defendants jointly and in solido, decreeing that intervenor be paid by preference and priority out of any judgment rendered herein in favor of plaintiff, all sums which intervenor may have paid under the Louisiana Worker's Compensation Statute…."[7]

On June 30, 2017, Plaintiffs filed an Unopposed Motion for Leave to File Amended Complaint for Damages.[8] Therein, Plaintiffs asserted that "[it] is now believed that Bryan Lee Loutzenhiser was not employed by LL Trans, Inc., but may have been employed by Zane Huffman d/b/a Z2K Trucking."[9] On July 3, 2017, Plaintiffs' Amended Complaint for Damages was filed, substituting Zane Huffman d/b/a Z2K Trucking in the place of LL Trans and alleging that Zane Huffman d/b/a Z2K Trucking is "a resident of the full age of majority and domiciled in Kiowa County, Kansas…."[10] Like Plaintiffs' Amended Complaint, BITCO seeks to file an Amended

---

[4] Petition of Intervention, R. Doc. 2-1.

[5] Petition of Intervention, R. Doc. 2-1, ¶¶ 2 & 3.

[6] Petition of Intervention, R. Doc. 2-1, ¶ 4.

[7] Petition of Intervention, R. Doc. 2-1.

[8] R. Doc. 22.

[9] R. Doc. 22, ¶ 3.

[10] R. Doc. 25, ¶ 2.

Complaint of Intervention specifying Zane Huffman d/b/a Z2K Trucking as a defendant.[11] BITCO asserts that prior to filing its Motion for Leave, it "obtained consent for the filing and granting of the motion from all parties having an interest to oppose."[12]

## II. Law and Analysis

BITCO does not specify whether it seeks to intervene as of right under Fed. R. Civ. P. 24(a) or permissively under Fed. R. Civ. P. 24(b). As set forth herein, because BITCO is an intervenor of right, an analysis of permissive intervention pursuant to Fed. R. Civ. P. 24(b) is unnecessary.

### A. Timeliness of the Motion to Intervene

"Whether leave to intervene is sought under section (a) or (b) of Rule 24, the application must be timely." *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The timeliness of a motion to intervene is a matter committed to the sound discretion of the trial court. *McDonald v. E.J. Lavino*, 430 F.2d 1065, 1071 (5th Cir. 1970). Timeliness "is not limited to chronological considerations but 'is to be determined from all the circumstances.'" *Stallworth v. Monsanto Co.*, 558 F.2d 257, 263 (5th Cir. 1977). The Fifth Circuit has set forth four factors to consider when evaluating whether a motion to intervene is timely: (1) the length of time during which the proposed intervenor should have known of his interest in the case before he petitioned to intervene; (2) the extent of prejudice that those parties already in the litigation would suffer "as a result of the would-be intervenor's failure to apply for intervention as soon as he actually knew or reasonably should have known of his interest in the case;" (3) the extent of prejudice to the

---

[11] R. Doc. 26, ¶ 5 ("Intervenor also wishes to change the naming of LL Trans, Inc. as a party against whom the claim is asserted to Zane Huffman d/b/a Z2K Trucking.").

[12] R. Doc. 26, ¶ 8. Likewise, the state court record attached to the Notice of Removal includes a Statement of Consent of Opposing Counsel wherein BITCO asserts that "Intervenor…hereby advises the Court that all present counsel of record have been notified of its intention to file the attached Petition of Intervention….and that all counsel of record have consented to its filing." R. Doc. 2-1.

proposed intervenor if he is not allowed to intervene; and (4) the existence of "unusual circumstances militating either for or against a determination that the application is timely." *Ross v. Marshall*, 426 F.3d 745, 754 (5th Cir. 2005) (citing *Stallworth v. Monsanto Co.*, 558 F.2d 257, 264-266 (5th Cir. 1977)).

Here, Plaintiffs filed suit on February 21, 2017. BITCO filed a Petition of Intervention in the state court proceedings in March, 2017 and filed the instant Motion for Leave on July 20, 2017.[13] No party has asserted BITCO's intervention is untimely. A scheduling conference is currently set for August 24, 2017, and the parties' Revised Status Report is due by August 10, 2017.[14] Accordingly, there is no scheduling order currently in place and this litigation remains in its early stages. Considering the lack of opposition, the procedural posture of this suit, and the extent of prejudice to BITCO if it is not allowed to intervene (discussed below), BITCO's intervention is timely.

### B. Intervention of Right

Pursuant to Fed. R. Civ. P. 24(a)(2), a party is entitled to intervene in a pending lawsuit when: (1) the motion to intervene is timely; (2) the potential intervenor asserts an interest that is related to the property or transaction that is the subject of the action in which he seeks to intervene; (3) the potential intervenor is so situated that disposition of the case may as a practical matter impair or impede his ability to protect his interest; and (4) the parties already in the action do not adequately protect the potential intervenor's interest. *Ford v. City of Huntsville*, 242 F.3d 235, 239 (5th Cir. 2001). As discussed above, BITCO's intervention is timely.

---

[13] R. Doc. 26.

[14] R. Doc. 23.

Pursuant to the Louisiana Workers' Compensation Act, "[i]f either the employee…or the employer or insurer brings suit against a third person…he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit." La. R.S. § 23:1102(A). "Although the statute provides that the other may intervene as a party plaintiff if either the employee or the employer brings suit against a third person (tortfeasor), the jurisprudence holds that an employer's failure to intervene in a suit filed by the employee, after proper notice, bars the employer from bringing a separate suit against a third party tortfeasor." *Houston General Ins. Co. v. Commercial Union Ins. Co.*, 649 So. 2d 776, 782 (La. App. 1 Cir. 1994) (citing *Roche v. Big Moose Oil Field Truck Service*, 381 So. 2d 396, 401 (La. 1980) ("If an employee files suit for damages from a third party tortfeasor, an employer seeking reimbursement of compensation paid must intervene in the pending lawsuit….")).

Likewise, a compensation insurer who fails to intervene will be barred from claiming reimbursement. *See*, *Senac v. Sandefer*, 418 So. 2d 543, 545 n. 1 (La. 1982) ("The employer's compensation insurer failed to intervene in this action and is thus barred from claiming reimbursement of the benefits paid to the plaintiff."); *Chevalier v. Reliance Ins. Co. of Illinois*, 953 F.2d 877, 884 (5th Cir. 1992) ("There is no doubt that, under Louisiana law, a compensation carrier or employer must generally be a party to the suit between a tortfeasor's carrier and tort plaintiff in order to collect reimbursement for workers' compensation from the successful tort plaintiff's judgment."); *Allstate Indem. Co. v. Knighten*, 705 So. 2d 240, 242 (La. App. 2. Cir. 1997) ("While the statutory language is permissive regarding intervention by the party who is not a party-plaintiff in the action against the third-party, the case law suggests that an employer or its insurer must intervene in a third-party suit filed by the employee in order to assert its rights against the third-party tortfeasor or otherwise be barred from instituting a separate action to assert those rights.").

In light of this jurisprudence, district courts in this circuit have found that employers and workers' compensation insurers who have paid a plaintiff workers' compensation benefits are intervenors of right in a plaintiff's action against alleged tortfeasors. *See*, *Fulford v. Climbtek, Inc.*, Civil Action No. 16-16, 2016 WL 7173780, at * 5 (M.D. La. Dec. 8, 2016) ("Here, ORM alleges that it has paid workers' compensation medical benefits and workers' compensation indemnity benefits under the Louisiana Workers' Compensation Act to and on behalf of Marvin Fulford. Unless ORM is allowed to intervene, it will lose its right to reimbursement. Accordingly, the Court finds ORM to be an intervenor of right under Fed. R. Civ. P. 24(a)(2)."); *Johnson v. Qualawash Holdings, LLC*, Civil Action No. 12-885, 990 F.Supp.2d 629, 640 (W.D. La. Jan. 6, 2014) (dismissing action after finding workers' compensation insurer to be an indispensable non-diverse party and explaining that insurer "has already made payments to the plaintiff in this matter pursuant to its policy of insurance….Under Louisiana law, if [insurer] does not intervene in this suit, it loses its right to recover from any third party tortfeasors under Louisiana's workers' compensation scheme."); *Youngblood v. Rain CII Carbon, LLC*, No. 12-cv-000287, 2014 WL 2547588, at *3 (W.D. La. June 4, 2014) (plaintiff's statutory employer and workers' compensation insurer were both intervenors of right because, unless they were allowed to intervene, they would lose their right to reimbursement.). Here, BITCO alleges that it has paid workers' compensation benefits to Plaintiffs and seeks reimbursement for same. Unless BITCO is allowed to intervene, it will lose its right to reimbursement. Accordingly, BITCO is an intervenor of right under Fed. R. Civ. P. 24(a)(2).[15]

---

[15] No party contends that BITCO's interests are adequately represented by either Plaintiffs or Defendants in this suit. Like Plaintiffs, BITCO has an interest in maximizing recovery against Defendants. *See*, *Dushane v. Gallagher Kaiser Corp.*, No. Civ. A 05-0171, 2005 WL 1959151, at *6 (W.D. La. Aug. 10, 2005) ("After careful consideration, the court finds GM is more properly considered an intervenor-plaintiff. If allowed to intervene, GM no doubt will align itself with Plaintiffs, as it is in GM's interest for Plaintiffs to maximize their recovery against Defendants and thereby increase the potential for GM to recover all of the worker's compensation benefits it already has paid Plaintiffs. The less Plaintiffs recover, the less reimbursement GM will receive. If Plaintiffs had not filed a suit at all, and GM filed

Because BITCO should be permitted to intervene of right, it is not necessary to evaluate permissive intervention pursuant to Fed. R. Civ. P. 24(b).

**III.    Conclusion**

The Motion to Substitute Pleading[16] filed by BITCO General Insurance Company ("BITCO") is GRANTED.  The clerk is directed to SUBSTITUTE BITCO's proposed Complaint of Intervention (R. Doc. 35, pp. 2-4) in the place of R. Doc. 26, pp. 4-6.

IT IS FURTHER ORDERED that upon said substitution, BITCO's Unopposed Motion for Leave to File Amended Complaint of Intervention[17] is GRANTED.  The clerk is directed to file the as-substituted Complaint of Intervention into the record.

Signed in Baton Rouge, Louisiana, on August 11, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

its own suit against Defendants to seek reimbursement, GM would be considered a plaintiff in every sense of the word.").  However, the recovery sought by BITCO (reimbursement for past workers' compensation payments) is separate from Plaintiffs' damage claim.

[16] R. Doc. 35.

[17] R. Doc. 26.